**FILED**

OCT 09 2014

Clerk, U.S. District Court
District Of Montana
Helena

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| In re:<br><br>SPANISH PEAKS HOLDINGS II LLC,<br><br>                  Debtor. | Bankruptcy Case No. 12-60041 |
| BOYNE USA, INC. and<br>BIG SKY RESORT LLC,<br><br>                  Appellants,<br><br>vs<br><br>ROSS P. RICHARDSON, CHAPTER 7 TRUSTEE OF THE ESTATES OF SPANISH PEAKS HOLDINGS II LLC, SPANISH PEAKS LODGE LLC AND THE CLUB AT SPANISH PEAKS,<br><br>                  Appellees. | No. CV-14-22-BU-SEH<br><br>**MEMORANDUM AND ORDER** |

## INTRODUCTION

The appeal before the Court arises from the March 10, 2014, Memorandum of Decision and Order of Ralph B. Kirscher, Judge of the Bankruptcy Court, approving the Debtor-Affiliates Settlement Agreement ("Settlement Agreement").[1]

## ISSUE

Did the Bankruptcy Court err in approving the Settlement Agreement under Fed. R. Bankr. P. 9019?[2]

## JURISDICTION

The Court has appellate jurisdiction over final orders of the bankruptcy court under 28 U.S.C. § 1334(a), 28 U.S.C. § 158(a), and Fed. R. Bankr. P. 8001(1).

## STANDARD OF REVIEW

The Bankruptcy Court's decision to approve the Settlement Agreement is reviewed for abuse of discretion.[3]

---

[1] *In re Spanish Peaks Holdings II LLC*, No. 12-60041-7, 2014 WL 929701 (Bankr. D. Mont. Mar. 10, 2014).

[2] Appellants Boyne USA, Inc. and Big Sky Resort LLC, submit a multitude of arguments and alleged error committed by both Appellee (and Chapter 7 Trustee) Ross P. Richardson and the Bankruptcy Court, but do not disagree on the proper scope of the issue on appeal. (*See* Doc. 3 at 6.)

[3] *See e.g. Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1383 (9th Cir. 1986).

# BACKGROUND

This suit involves a culmination of three[4] Chapter 7 bankruptcy proceedings in the District of Montana relating to a private, 5,700-acre residential ski and golf resort at Big Sky, Montana, referred to as the "Spanish Peaks Resorts" or "The Club at Spanish Peaks."[5] Judge Kirscher's memorandum clearly describes the relationships between the Spanish Peaks' entities and their affiliates.[6] Additional explanation of what he accurately described in his Memorandum of Decision is not necessary.

A number of entities and holding companies related to Spanish Peaks, known as the "Debtor-Affiliates,"[7] were involved with numerous Spanish Peaks' transactions, including property transfers, service agreements and leases. A part of

---

[4] Spanish Peaks Holdings II LLC, Spanish Peaks Lodge LLC, and the Club at Spanish Peaks LLC.

[5] *In re Spanish Peaks Holdings II LLC*, 2014 WL 929701 at *2. Debtors originally petitioned for relief under Chapter 7 in the District of Delaware, but a January 10, 2012, order by United States Bankruptcy Judge Brenden Linehan Shannon transferred the three separate proceedings to the District of Montana. On February, 8, 2012, Judge Kirscher, directed that the three proceedings "would be jointly administered." *See Id. at* *5.

[6] *See In re Spanish Peaks Holdings II LLC*, 2014 WL 929701 at *2-10.

[7] The Debtor-Affiliates include Obsidian Partners II, LP, 1776 Holdings LLC, 1776 Holdings LLC dba Voyager Group Management Services, American Land Development, LLC, Resort Capital Partners SP1 LLC, James J. Dolan, Pinnacle Restaurant at Big Sky, Spanish Peaks Provisioners, LLC, Ascent Data, LLC, Voyager Properties, LLC, RCP 1, LP, Spanish Peaks Development LLC, Pinnacle Provisioners, LLC, Voyager Lending Services LLC, Voyager Group LP, Voyager Properties II, LLC, and Montana Opticom, LLC. (*See* Doc. 4-1 at 168.)

the transactions were alleged to be improper for a variety of reasons and were the subject of a drafted, but never filed, complaint by the Trustee against the Debtor-Affiliates for approximately $3.7 million.[7] On October 14, 2013, Appellee Ross P. Richardson, Chapter 7 Trustee, filed a Notice of Settlement Between Trustee, Estates, and Certain Debtor-Related or Affiliated Entities and Individuals (the Settlement Agreement).[8] Richardson later filed Trustee's Motion for Approval of Debtor-Affiliates Settlement on October 25, 2013.[9] On November 8, 2013, Appellants (and Creditors) Boyne USA, Inc. and Big Sky Resort LLC filed an objection to the Settlement Agreement.[10] A two-day hearing before Judge Kirscher to consider the settlement agreement was held. Following the hearing, it was approved. The Bankruptcy Court's detailed Memorandum of Decision was issued March 10, 2014.

## DISCUSSION

A bankruptcy court may approve settlement upon a finding that the settlement is "fair and equitable."[11]

---

[7] *See In re Spanish Peaks Holdings II LLC*, No. 12-60041-7, Doc. 783-1 (Bankr. D. Mont. Nov. 11, 2013).

[8] *See In re Spanish Peaks Holdings II LLC*, No. 12-60041-7, Doc. 743 (Bankr. D. Mont. Oct. 14, 2013).

[9] *See In re Spanish Peaks Holdings II LLC*, No. 12-60041-7, Doc. 756 (Bankr. D. Mont. Oct. 25, 2013).

[10] *See In re Spanish Peaks Holdings II LLC*, No. 12-60041-7, Doc. 783 (Bankr. D. Mont. Oct. 14, 2013).

[11] *See* Fed. R. Bankr. P. 9019(a); *In re A & C Properties*, 784 F.2d at 1381.

To determine if a settlement is "fair and equitable" a bankruptcy court is to consider the following four factors.

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.[12]

In considering whether a settlement is "fair and equitable," "[t]he bankruptcy court has great latitude in approving compromise agreements."[13] "[W]hile the [bankruptcy] court must preserve the rights of the creditors, it must also weigh [various] factors to determine whether the compromise is in the best interest of the bankrupt estate."[14] If approval of a settlement is without "sufficient factual foundation," the bankruptcy court has abused its discretion; however, where "the [bankruptcy] court made a full and fair independent assessment of the wisdom of the compromise" abuse of discretion is not present.[15]

The record taken as a whole simply does not support that the Bankruptcy Court abused its discretion in approving the Settlement Agreement. When the

---

[12] *In re A & C Properties*, 784 F.2d at 1381.
[13] *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988).
[14] *In re A & C Properties*, 784 F.2d at 1382.
[15] *In re A & C Properties*, 784 F.2d at 1383.

5

ruling was issued, it had been engaged in the Spanish Peaks' bankruptcy for over two years. The record reflected in the over 850 entries in the docket as of March 2014, clearly demonstrates that the Bankruptcy Court had continuously assessed and evaluated the nuances of the case over an extended period. It also was afforded broad discretion in reviewing and approving the settlement agreement.

As noted, a two-day hearing was held in November 2013 to address the Settlement Agreement. Findings and conclusions were issued only after the Bankruptcy Court had considered all of the evidence, the witness testimony (specifically, testimony of Stephen Garden, a financial advisor employed by the Trustee), the admitted exhibits, the arguments of counsel, the pleadings and the numerous briefs filed by the parties. The Trustee's motion to approve the settlement setting forth an explanation and valuation of the claims was also reviewed.[16]

The Settlement Agreement was evaluated under the "fair and equitable" principles mandated by *In re A & C Properties*. Many of the possible claims of the Bankruptcy Estate against the Debtor-Affiliates, and the Debtor-Affiliates' defenses, posed "legally and factually complex" issues.[17] Concern for collection by

---

[16] *See In re Spanish Peaks Holdings II LLC*, No. 12-60041-7, Doc. 756 at 2-4 (Bankr. D. Mont. Oct. 25, 2013).

[17] *In re Spanish Peaks Holdings II LLC*, 2014 WL 929701 at *12.

the Bankruptcy Estate of any judgment obtained was present. Some of these claims would also have involved "large amounts of cash that the Bankruptcy Estate simply do[es] not have."[18] The Settlement Agreement itself posed no issues for collection, as the available funds were to be disbursed from the KeyBank litigation settlement and allocated in a "fair and equitable" manner.[19] Such findings represent a "full and fair independent assessment" by the Bankruptcy Court and support this Court's finding of no abuse of discretion.

## CONCLUSION

The record discloses no abuse of discretion by the Bankruptcy Court in approving the Settlement Agreement. The decision of the Bankruptcy Court is AFFIRMED.

DATED this 9th day of October, 2014.

SAM E. HADDON
United States District Judge

---

[18] *In re Spanish Peaks Holdings II LLC*, 2014 WL 929701 at *12.
[19] *In re Spanish Peaks Holdings II LLC*, 2014 WL 929701 at *13.